NORDAM, Appellant,

v.

The BOARD OF REVIEW OF the OKLA-HOMA EMPLOYMENT SECURITY COMMISSION; the Oklahoma Employment Security Commission; and Lillian A. Graham, Appellees.

No. 75672.

Court of Appeals of Oklahoma,
Division No. 4.

Jan. 28, 1992.

Stephen L. Andrew, D. Kevin Ikenberry, McCormick, Andrew & Clark, Tulsa, for appellant.

David T. Hopper, Oklahoma Employment Sec. Com'n., Oklahoma City, for appellees.

REIF, Judge.

The sole issue presented is whether an order of the Board of Review of the Oklahoma Employment Security Commission remanding a claim to the Commission's Appeal Tribunal for further evidence is a final order subject to judicial review. The District Court held that it was not and dismissed Employer Nordam's attempt to appeal the remand order.

The statutory scheme that provides the administrative procedure for the adjudication of unemployment compensation claims expressly authorizes the Board of Review to "affirm, modify or reverse any decision of an appeal tribunal referee ... on the basis of *additional* evidence as it may adduce, or, *at its direction, received by an appeal tribunal referee.*" 40 O.S. 1981 § 2–606 (emphasis added). In view of this authority to remand claims for further evidence, no "final disposition" of the claim in the instant case could occur *until* the Appeal Tribunal undertook to receive such evidence and act upon it. A remand order for further evidence is clearly interlocutory in nature and "[w]hen an appeal [to district court] is lodged from some interlocutory agency action, the district court must dismiss the proceeding for want of subject matter jurisdiction." *Ricks Exploration Co. v. Oklahoma Water Resources Board,* 695 P.2d 498, 501–02 (Okla.1984). The District Court's dismissal of the purported appeal in this cause is summarily affirmed, pursuant to Civil Appellate Procedure Rule 1.201, 12 O.S.Supp. 1990, Ch. 15, App. 2, in view of the foregoing controlling authority.

BACON, C.J., and STUBBLEFIELD, J., concur.